CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 11 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| BROTHER YHWH H. MONROE, ) | Civil Action No. 5:10CV00065 |
|     Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Samuel G. Wilson |
| NANCY KRIPPEL, et al., ) | United States District Judge |
|     Defendants. ) | |

Pro se plaintiff Brother Yhwh Monroe (Monroe), seeking to proceed in forma pauperis, brings this action against members of the admissions committee for the adult degree program at Mary Baldwin College. Monroe alleges that he was discriminated against based on his race and national origin when his application to the program was denied. Even in the light most favorable to Monroe, however, he has failed to state a claim. Accordingly, the court grants Monroe's application to proceed without prepayment of fees, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Monroe alleges in his complaint that he applied for, and was denied admission to, the adult degree independent major program at Mary Baldwin College. Monroe states that individuals from the admissions committee at the school violated their own student admission policy by failing to meet with him before denying his application. He further alleges that the committee "clearly implied" that he was denied admission because his proposed thesis topic ("there was no moral connection between the churches of England, the Cavaliers, and the Negroes") was "not a good fit" for the school. (Compl. 2.) Monroe states that, in denying his application, the admissions committee suggested that he pursue additional graduate work on the topic of national origin, but that his actual area of interest is "how I became Jewish and Negro."

(Compl. 2.) Monroe also alleges that the committee ignored his "letter of disagreement" and subsequently declined to return his admissions packet. (Compl. 2.) These actions, according to Monroe, evince intentional discrimination by the admissions committee on account of his race and national origin. As relief, Monroe seeks to have the court enjoin the United States Department of Education from supplying any federal funds to Mary Baldwin College until it can "hire or train a more cultrally (sic) diverse faculty . . . ." (Compl. 3.) He also seeks a letter of apology from the committee, as well as $1,500,000 in punitive damages.

## II.

As an initial matter, Monroe has failed to establish a jurisdictional basis for his suit. He asserts that "since Mary Baldwin College adult degree program admission committee is located in Augusta County and also receives federal assistance, I am filing my civil rights lawsuit in the U.S. District Court Western District, Harrisonburg, Virginia." (Compl. 1.) While Monroe is correct that Augusta County, VA is within the Western Judicial District of Virginia, a geographical nexus is, by itself, an insufficient basis for subject matter jurisdiction. Normally, to bring a suit in federal court, a plaintiff must allege either that the suit raises a federal question pursuant to 28 U.S.C. § 1331, or that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. Monroe has not grounded his suit in either statutory provision, and for that reason alone, it must be dismissed. Even if he had alleged a sufficient jurisdictional basis, however, Monroe has still failed to state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an in forma pauperis complaint if it "fails to state a claim upon which relief may be granted." "Factual

allegations must be enough to raise a right to relief above the speculative level"; the complaint must have "enough facts to state a claim to relief that is plausible on its face."[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County, 575 F.3d 426, 431 (4th Cir. 2009) (O'Connor, J.) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). Therefore, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id.

In this case, Monroe has alleged that he was discriminated against because of his race and national origin when the admissions committee at Mary Baldwin College denied his application to an independent adult degree program. Monroe's complaint, however, lacks any factual allegations that support his claim, or that establish a plausible claim for relief. He alleges that the admissions committee (1) violated its own policies, (2) implied that his thesis was a poor fit for the program, (3) encouraged him to "pursu[e] additional graduate work in [his] area of interest," (4) ignored his "letter of disagreement," and (5) has refused to return his admissions packet. While clearly irksome to Monroe, these alleged actions, even if entirely true, do not form the basis for any plausible claim for relief. Accordingly, Monroe has failed to state a claim upon which relief can be granted, and the court will dismiss his complaint.

---

[1] Courts of Appeal have applied Twombly's plausibility standard to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Brown v. City of Pittsburgh, No. 08-3947, 2009 WL 1059543 at *2 (3d Cir. Apr. 21, 2009); Hall v. Sec'y for Dep't of Corr., 304 Fed. App'x 848, 849 (11th Cir. 2008); Killebrew v. St. Vincent Health, Inc., 295 Fed. App'x 808, 810 (7th Cir. 2008); Garza v. Bandy, 293 Fed. App'x 565, 566 (10th Cir. 2008); Bray v. Young, 261 Fed. App'x 765, 767 (5th Cir. 2008).

## III.

For the reasons stated, the court grants Monroe's application to proceed without prepayment of fees but dismisses Monroe's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.[2]

**Enter**: This August 11, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Section 1915(e) applies to all in forma pauperis filings "in addition to complaints filed by prisoners . . . ." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, it is the proper vehicle to dismiss Monroe's complaint.

4